# IN THE COURT OF APPEALS OF IOWA

No. 21-0547
Filed August 4, 2021

IN THE INTEREST OF T.N.,
Minor Child,

S.N., Father,
    Appellant.

_____

Appeal from the Iowa District Court for Benton County, Cynthia S. Finley, District Associate Judge.

A father appeals the termination of his parental rights to his child. **AFFIRMED.**

David R. Fiester, Cedar Rapids, for appellant father.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Deborah M. Skelton, Walford, attorney and guardian ad litem for minor child.

Considered by May, P.J., Greer, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**CARR, Senior Judge.**

A father appeals the termination of his parental rights to his child.[1] He challenges the grounds for termination. He also argues termination would harm the child and asks for more time. We review his claims de novo. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

The juvenile court terminated the father's parental rights under Iowa Code section 232.116(1)(h) (2021). This court may terminate under this paragraph if it finds:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance [(CINA)] pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(h). The first three requirements are met. We turn our focus to section 232.116(1)(h)(4).

We agree the evidence shows the child cannot be returned to the father's care without exposing the child to any harm amounting to a new CINA adjudication. *See In re M.M.*, 483 N.W.2d 812, 814 (Iowa 1992) ("[A] child cannot be returned to the parent under Iowa Code section 232.102 if by doing so the child would be exposed to any harm amounting to a new [CINA] adjudication."). The father has a long history of criminal activity and was incarcerated at the time of the child's

---

[1] The juvenile court also terminated the parental rights of the mother in the same order. She does not appeal.

removal in June 2020. He remained incarcerated at the time of the termination hearing in April 2021 and was not set to discharge his sentence until February 2022. Although the father anticipated the parole board would grant him release soon, there are other factors that bar the child's immediate return: (1) the father has not had contact with the child in one year, (2) the mother testified the father never cared for the child without supervision, (3) the father has an extensive criminal history that includes probation violations and revocations, and (4) the father has a history of substance-abuse and mental-health issues. The time needed to address these concerns prevents immediate return of the child to the father's care even if the father is paroled. *See In re L.M.*, 904 N.W.2d 835, 839 (Iowa 2017) (finding that the child could not be returned to the mother's care because, although she was granted parole, the mother needed to serve ninety days in a community correctional facility and address her history of drug addiction and parenting dysfunction before resuming custody of the child). The evidence supports terminating the father's parental rights under Iowa Code section 232.116(1)(h).

The father also contends termination is against the child's best interests because it would harm the child because of the closeness of the parent-child relationship. *See* Iowa Code § 232.116(2) (requiring the court to "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child" in determining whether to terminate parental rights), (3)(c) (stating the court "need not terminate" the parent-child relationship if "[t]here is clear and convincing evidence that the termination would be detrimental

to the child at the time due to the closeness of the parent-child relationship"). The father's claim is unsubstantiated, as the father's involvement with the child has been limited by his incarcerations. *See In re D.S.*, 806 N.W.2d 458, 475 (Iowa Ct. App. 2011) ("Any bond that exists between the parents and the child in this case is limited considering the child's young age and the time he has spent out of their care."). The father has the burden of proving his claim under section 232.116(3)(c). *See In re W.M.*, 957 N.W.2d 305, 312 (Iowa 2021) (noting that after "the State has proven a ground for termination, the parent resisting termination bears the burden" of proving a ground under section 232.116(3) (quoting *A.S.*, 906 N.W.2d at 476)). He fails to do so. *See id.* at 315 (finding that, despite the existence of a parent-child bond, mom failed to provide clear and convincing evidence to show that the bond made termination "more detrimental than not").

What the father really wants is more time, claiming the child "would suffer no ill effects whatsoever if the Court allowed a few more months to prove that [he] can care for [the child] and keep [the child] safe, once paroled or otherwise released." But to delay permanency, the court must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). We cannot do so. It is a familiar refrain in these cases that evidence of a parent's past performance can provide insight into the future. *See, e.g., In re A.C.*, 415 N.W.2d 609, 613 (Iowa 1987). Nothing in the father's past performance suggests that the child can be returned to him in six months. We will

not deprive children of permanency in the hope that "someday" a parent will change. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014).

We affirm the termination of the father's parental rights.

**AFFIRMED.**